UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES D. FOLEY, JR.,<br>    Plaintiff<br><br>v.<br><br>TOWN OF RANDOLPH,<br>RICHARD W. WELLS, in his official capacity,<br>PAUL J. CONNORS, in his official capacity,<br>WILLIAM ALEXOPOULOS, in his official capacity,<br>MAUREEN C. KENNY, in her individual and official capacities, and<br>JAMES F. BURGESS, JR., in his individual and official capacities,<br>    Defendants | C.A. No. 07-12213-PBS |

**PLAINTIFF CHARLES FOLEY'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO COMPEL DEFENDANT
JAMES BURGESS TO ANSWER INTERROGATORY NO. 19**

This is an employment action filed by Plaintiff Charles Foley ("Plaintiff" or "Foley") against the Town of Randolph and the Selectmen alleging violation of Plaintiff's right to free speech, breach of contract/statutory violation, and intentional interference with a contractual/advantageous relationship. The Defendant selectmen suspended Fire Chief Foley's employment, without pay, for

fifteen (15) days, as discipline for his public comments concerning the impact of a manpower shortage on the firefighting effectiveness of the Fire Department.[1]

## I. **Defendant Burgess' Refusal to Provide Relevant, Discoverable Information**

Where a public employee, such as Fire Chief Foley, claims that the defendants violated his First Amendment speech rights by disciplining him for speech of public concern, the Court is required to draw the "balance between the interests of [Foley], as a citizen, in commenting upon matters of public concern and the interest of the [Town] in promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Education, 391 U.S. 563, 568 (1968). Defendants' disciplinary charge that Plaintiff's "comments to the media were not conducive to the town's mission of providing effective fire protection services" infers that the comments impaired the operation of the Fire Department. See n.1.

To determine whether Plaintiff's public comments had any negative impact on his firefighters, which theoretically could affect morale and/or efficiency in the Fire Department, Plaintiff asked each of the Defendant Selectmen about any complaints by firefighters:

Interrogatory No. 19

Please state whether any Town firefighter complained to you and/or

---

[1] Plaintiff spoke with media representatives following a residential fire on May 17, 2007, which resulted in the death of two brothers. Defendants Kenny and Burgess brought disciplinary charges against Plaintiff, including the charge that at the fire scene and for several hours afterwards, Plaintiff "made public comments to the media and others which demonstrated a lack of sound judgment and of accuracy and which were not conducive to the town's mission of providing effective fire protection services." Summary Judgment, at Exhibit 1(J).

2

>the Board of Selectmen about any of Plaintiff's statements to the media or others concerning the home fire on May 17, 2007, the Fire Department's manpower level, and/or the response team comprised of 10 firefighters instead of the full complement of 12 firefighters. If your answer is in the affirmative, please identify the complainant, the nature of the complaint, and any witness(es) to the complaint. <u>Exhibits 1 & 2</u>.

In response, all of the individual defendants, except Defendant Burgess, stated that they had not received, or were not aware of, any complaint by a firefighter about Chief Foley's public speech. <u>Exhibits 1 & 2</u>. Defendant Burgess answered as follows:

<u>Answer No. 19</u>

>I received a number of complaints from several different firefighters. I am reluctant to divulge their names here as I am not in a position to ensure them of any confidentiality and I worry about their jobs. <u>Exhibit 2.</u>

## II. <u>Rule 26 Mandates Broad Discovery</u>

Defendant Burgess' refusal to answer this interrogatory is non-responsive, inappropriate, and contrary to the mandate of Fed. R. Civ. P. 26. Rule 26 (b) (1) broadly provides for the discovery of all information that is relevant or "appears reasonably calculated to lead to the discovery of admissible evidence" so long as the information sought is not privileged. Unless it is obvious that the evidence sought can have no possible bearing upon the issues, Rule 26 "calls for every relevant fact, however, remote, to be brought out for the inspection not only of the opposing party but for the benefit of the court which in due course can eliminate those facts which are not to be considered in determining the ultimate issues." <u>Hercules Powder Co. v. Rohm & Haas Co.</u>, 302 F.R.D. 302, 304 (D. Del. 1943).

3

In this case, Defendant Burgess claims that he received "a number of" complaints from "several different firefighters" concerning Plaintiff's statements to the media on May 17, 2008, and yet he fails to identify the alleged complaints and complainants – information that is potentially relevant to whether or not Chief Foley's statements affected morale and/or efficiency in the Fire Department. Exhibit 2. The court, in balancing Plaintiff's and the public's interests against the employer Town's interests, requires the information Plaintiff seeks in Interrogatory No. 19. Also, given that Burgess is the only selectman, among five selectmen, who claims to have received any complaints, his espoused reluctance to identify these potential witnesses, challenges his credibility. Exhibits 1 & 2.

### III. Burgess' Alleged Concern about the Confidentiality and the Jobs of the Alleged Complainants Is Misplaced

Communications between Defendant Burgess and Town firefighters are not privileged, and Burgess owes no duty of confidentiality to Town firefighters. Further, Burgess cannot preclude discovery by alluding to considerations of the complainants' confidentiality and/or retention of their jobs. There is no statute that prohibits Burgess from providing the information requested.

M.G.L. c. 215, § 1B, provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." The Supreme Judicial Court has interpreted § 1B to proscribe disclosure of facts about an individual which are "of a highly personal or intimate nature when there exists no legitimate countervailing interest." Bratt v. IBM, 392 Mass. 508, 518 (1984).

Clearly, a firefighter's opinion about the content of Plaintiff's public statements is not a matter of "a highly personal or intimate nature," nor subject to protection, pursuant to M.G.L. c. 215, § 1B. Similarly, the privacy statute does not shield Defendant Burgess against Rule 26's requirement that he disclose requested relevant information. Hearst Corp. v. A. Walk, Inc., 12 Mass. App. Ct. 951, 952 (1981) (in a breach of contract and fraud case, the fact that a party may suffer detriment through discovery does not foreclose the discovery, and defendant book distributors must identify the suppliers of the alleged contraband books). Moreover, Burgess' allusion that Plaintiff would discipline complainant firefighters for their speech, as the defendant selectmen disciplined Plaintiff for his speech, is rank speculation and entirely unsupported, irrelevant, and without merit.

## IV. Non-Disclosure of Witnesses Would Irreparably Prejudice Plaintiff

If any firefighters, in fact, complained to Burgess about Chief Foley's public statements of May 17, 2007; if Burgess fails to identify the complainants and the complaints during discovery; if the alleged complainants provide "surprise" affidavits at summary judgment and/or "surprise" testimony at trial, then Plaintiff's ability to prevail on his First Amendment claim would be irreparably prejudiced. Assuming Defendant Burgess' alleged firefighter complainants exist, Burgess must identify these potential witnesses to enable Plaintiff to timely depose them. The requested relevant information is not only discoverable under Rule 26 (b) (1), but also Plaintiff has need for the information, with respect to an element of his First Amendment claim, and cannot obtain the

5

substantial equivalent by other means. Fed. R. Civ. P. 26 (b) (3). <u>Van Vugt b. Lyons</u>, 2001 Mass. Super. LEXIS 116, *3 (2001).

## Conclusion

For the aforestated reasons, Plaintiff Foley requires and seeks the Court's assistance in obtaining Defendant Burgess' full disclosure of the information Plaintiff seeks in Interrogatory No. 19.  Accordingly, Plaintiff respectfully requests that the Court grant his motion and compel Defendant Burgess to promptly and fully answer Interrogatory No. 19.

Respectfully submitted,

Charles Foley
By his attorneys,

\_\_\_\_\_/s/ Kevin G. Powers\_\_\_\_\_
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MemoCompelBurgess